NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| W. JAMES MACNAUGHTON, ESQ. EMPLOYEE PROFIT SHARING PLAN AND TRUST,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Defendant. | Civil Action No.: 10-4807 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff W. James MacNaughton, Esq. Employee Profit Sharing Plan and Trust ("Plaintiff" or "MacNaughton")'s appeal from Magistrate Judge Hammer's September 29, 2011 Order transferring this action to the United States District Court of the Middle District of Florida. [Docket Entry No. 31]. The Order was issued upon consideration of Defendant Equity Residential Management, LLC ("Defendant")'s Motion to Transfer pursuant to 28 U.S.C. § 1404(a) as well as subsequent submissions filed thereto. [Docket Entry Nos. 20, 22, 25, 29, 30]. The Court has considered the Plaintiff's Appeal and Defendant's opposition thereto, and rules on the papers. Fed. R. Civ. P. 78. For reasons set forth below, the Court **affirms** the Magistrate Judge's Order and **grants** Defendant's Motion to Transfer.

## I. BACKGROUND

In or about 2008, Plaintiff acquired the equipment at issue in this case, namely "tangible personal property located at the Arden Villas Apartment Complex in Orlando[,] Florida consisting of facilities used to deliver television and internet services to the residents of Arden Villas (the 'Equipment')." (Am. Compl., ¶ 4). In that same year, Plaintiff licensed Common Antenna Systems, LLC ("Common Antenna") to use the Equipment to provide television and high-speed internet service to residents of Arden Villas. (Id., ¶ 5). Such services were provided by Common Antenna pursuant to a November 5, 1997 agreement ("Agreement") with the owner of Arden Villas Apartment Complex ("Owner"), of whom "Defendant was, at all times relevant to this action, agent for the Owner." (Id., ¶¶ 6, 12; Def. Mot. Transfer, Decl. of Alana Zorrilla-Gaston ("Zorrilla-Gaston Decl."), Ex. A). The Agreement contains provisions addressing the ownership of the Equipment and provides that the Agreement shall be governed by Florida law. (Zorrilla-Gaston Decl., Ex. A, at ¶¶ 3, 15).

Defendant notified Plaintiff in a letter dated July 9, 2010, that Common Antenna had breached the Agreement's terms, and that the Owner was thus terminating said Agreement and exercising its rights under Paragraph 3, which states, "Upon termination of this Agreement, all EQUIPMENT, both inside and outside, underground and above ground, including concrete pedestals and PREWIRE, shall be conveyed to OWNER for the sum of Ten Dollars ($10.00) for OWNER to utilize at its sole discretion." (Id., at ¶ 3; Am. Compl., Ex. A). Further, the letter stated that, "[s]ince the Equipment is now the property of the Owner, should you or any representatives of the Company enter the Property or attempt in any way to access the Equipment, you will be subject to legal action, including, but not limited to, criminal trespass." (Am. Compl., Ex. A).

Plaintiff filed its first Complaint in this Court on September 20, 2010, asserting two claims of breach of contract and conversion against Defendant regarding the above-referenced Agreement and Equipment. [Docket Entry No. 1]. On June 15, 2011, upon consideration of the Defendant's December 6, 2010 Motion to Transfer the Case to the United States District Court for the Middle District of Florida and subsequent submissions thereto, this Court, *sua sponte*, dismissed without prejudice Plaintiff's first Complaint for failure to state a claim under Fed. R. Civ. P. 8(a) pleading requirements. [Docket Entry No. 17]. Plaintiff duly filed an Amended Complaint on June 28, 2011, alleging a single claim of conversion of the Equipment at issue in the Initial Complaint. (Am. Compl., ¶ 4, 17).

Subsequent to that filing, Defendant renewed its motion to transfer the matter to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). [Docket Entry No. 20]. In its Motion to Transfer, Defendant made a series of arguments in favor of transfer: the claim arose in Florida; Defendant conducts business in Orlando and is subject to personal jurisdiction in Florida; the Equipment at issue is located in Florida; the Agreement, entered into in Florida by Florida entities, is governed by Florida law; Plaintiff has significant ties to Orlando, Florida, including purportedly owning the Orlando personal property at issue in the matter; key witnesses are in Orlando, Florida; key physical evidence is located in Orlando Florida; facts giving rise to Plaintiff's claim have no relation to New Jersey; convenience of the parties favors Florida; trial in Florida would be more expeditious, less expensive and easier to administrate; Florida has a local interest in deciding this local controversy in its home state; a Florida court would be more familiar with governing Florida state law; and there is precedent in the District of New Jersey to transfer other cases on similar grounds as in the instant matter. (See Def. Mot. to Transfer, at 4-20).

In response, Plaintiff did not contest the appropriateness of venue and the Middle District of Florida's personal jurisdiction over the Defendant. Plaintiff did, however, argue that, since its Amended Complaint only asserts a conversion claim regarding an Agreement to which neither it nor Defendant are parties, and since the conversion of the Equipment occurred "when an Illinois attorney sent a letter from Illinois to New Jersey claiming ownership of Plaintiff's Property," the claim "arose" in New Jersey and the stipulated governance of the Agreement by Florida law does not apply. (Pl. Br. Opp'n to Def. Mot. to Transfer, at 1-4). Further, Plaintiff contested whether private and public interests weigh in favor of transfer, arguing: Plaintiff and all its records are in New Jersey; Defendant only has three material witnesses, none of whom reside in Florida; the financial condition of the Parties weighs heavily in favor of New Jersey; New Jersey is a more convenient forum for Plaintiff's attorney and technician expert witness; all of Plaintiff's books and records are located in New Jersey; and the common law of conversion is the same in New Jersey as it is in Florida. (Id., at 5-8).

The Motion was heard on September 29, 2011 before Magistrate Judge Hammer along with subsequent submissions thereto, and in a detailed Recorded Opinion and accompanying Order, the Magistrate Judge granted Defendant's Motion to Transfer. Plaintiff now seeks to vacate the Magistrate Judge's Order pursuant to Local Rule 72.1(c)(1), appealing that Order as clearly erroneous. [Docket Entry No. 31].

## II. LEGAL STANDARDS

Pursuant to L. Civ. R. 72.1(c)(1)(A), an appeal may be brought from a non-dispositive order of a Magistrate Judge, which includes a motion to transfer, and a "Judge shall consider the appeal . . . and set aside any portion of the Magistrate Judge's order found to be clearly erroneous

or contrary to law." L. Civ. R. 72.1(c)(1)(A). The appealing party bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law. Control Screening, LLC v. Integrated Trade Sys., 2011 U.S. Dist. LEXIS 85202 (D.N.J. Aug. 3, 2011), *16 (citation omitted). A finding is "clearly erroneous" when, "although there is no evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citing Bobian v. CSA Czech Airlines, 222 F. Supp. 2d 598, 601 (D.N.J. 2002)). A ruling is "contrary to law" if the magistrate judge has misinterpreted or misapplied applicable law. Id. A magistrate judge's legal conclusions on a non-dispositive motion such as the one before this Court are reviewed *de novo*. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992).

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses, and in the interest of justice." See 28 U.S.C. § 1404(a). Section 1391 provides guidelines as to when venue is proper, which is "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Equipmentfacts v. Yoder & Frey Auctioneers, Inc., 2011 U.S. Dist. LEXIS 12257 (D.N.J. ), *10 (citation omitted); see 28 U.S.C. § 1391(a). A defendant that is a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Id., at *10-11; see 28 U.S.C. § 1391(c). The burden is on the party seeking to transfer venue to demonstrate that transfer is appropriate. Yocham v. Novartis Pharms. Corp., 565 F. Supp. 2d. 554, 557 (D.N.J. 2008).

If a proposed venue is deemed appropriate, it is in the court's discretion to transfer the action based on its balancing of private and public interests. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995). Private interest factors include: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). Id. Public interest factors to consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two for a resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id., at 879-80.

## III. DISCUSSION

In Plaintiff's Appeal from the Magistrate Judge's Order transferring the action, Plaintiff does not contest the Magistrate Judge's Section 1404(a) findings regarding personal jurisdiction and venue. Rather, Plaintiff makes two main arguments: (1) there is no evidence Defendant was authorized to act as the Owner's agent to enforce the Agreement; and (2) Common Antenna's obligations under the Agreement are not relevant to Plaintiff's ownership of the Equipment, so the Magistrate Judge's finding that the Equipment was subject to the Agreement was clearly erroneous. (Pl. Mem. Law Supp. Appeal, at 5-11). Since the Magistrate Judge correctly accepted the allegations in Plaintiff's Amended Complaint as true where Plaintiff stated that,

"Defendant was, at all times relevant to this action, agent for the Owner," and the Court is satisfied by multiple representations in the Record regarding Defendant's agency status, it rejects Plaintiff's first argument and will focus this Opinion on its second ground for appeal. (See Am. Compl., ¶ 12 & Ex. A ("Defendant Letter to Plaintiff, July 9, 2010"); Def. Mot. to Transfer, Decl. of James G. Athas, ¶ 7 [Docket Entry No. 8-3]).

In Magistrate Judge Hammer's Opinion, he finds that the Agreement "is squarely at issue in this case and must be considered by the court when determining what rights in the equipment [Plaintiff] acquired in 2008." (Op., Tr. 13:25-14:2). Plaintiff further quotes the Magistrate Judge as stating that "[o]wnership of the equipment will ultimately be determined by deciding what rights in the equipment Common Antenna had . . . before conveying it to [Plaintiff]. The equipment was subject to the agreement" and to "adjudicate [Plaintiff's conversion claim] the court must determine ownership of the equipment, which it cannot do without looking to the agreement and its terms." (Id., Tr. 18:16-20; 21:5-7). Based on these statements, Plaintiff extrapolates a finding by the Magistrate Judge "that Plaintiff's property was 'subject to' the Service Agreement," and states that such a finding was "in error." (Pl. Mem. Law Supp. Appeal, at 2). Throughout the rest of Plaintiff's Memorandum, the "subject-to" language is consistently quoted as referencing a finding by the Magistrate Judge that Plaintiff's equipment was "subject to" the Agreement. (See Pl. Mem. Law Supp. Appeal, at 4, 5, 6, 9, 11). However, Plaintiff critically misunderstands the scope of the Magistrate Judge's finding. Magistrate Judge Hammer does not, in fact, find that the Equipment at issue was "subject to" the Agreement, but rather framed the resolution of the dispute as one in which a court would have to find either way that the Equipment was or was not subject to the Agreement. Thus, the Magistrate Judge only made the limited finding that the Agreement was at issue in determining the relevant ownership rights,

not that the Agreement would necessarily govern the ownership rights. Significantly, Plaintiff leaves out a crucial portion of the rest of the Magistrate Judge's sentence when it persistently quotes the "subject-to" language in its Memorandum of Law. In the quoted sentence, Magistrate Judge Hammer does not say that *Plaintiff's* Equipment is "subject to" the Agreement, but rather states as follows: "The equipment was subject to the agreement **between GO/Common Antenna and Arden Villas, two Florida entities.**" Whether Common Antenna's obligations under the Agreement were transferred to Plaintiff upon Plaintiff's acquisition of Common Antenna's interest was not reached on the merits in the Magistrate Judge's opinion. Therefore, this Court rejects Plaintiff's argument that Magistrate Judge Hammer's "subject to" finding was clearly erroneous since no such finding was made.

Further, this Court agrees with Magistrate Judge Hammer's determination that whether the Agreement governs the ownership rights to the Equipment will be dispositive in this matter. It is clear that Defendant intends to defend against Plaintiff's conversion claim by arguing that it was entitled to possession of the Equipment under the terms of the Agreement, and that it was legally impossible for Defendant to convert property it was legally entitled to possess. (Def. Opp'n to Pl. Appeal, at 14). Regardless of whether or not Plaintiff was a party to the Agreement, it is still the case that when Plaintiff acquired the Equipment from Common Antenna in 2008, the Agreement was in force, and whether it was operative subsequent to Plaintiff's acquisition will be the critical question before a court in finding what rights may or may not have been conveyed to Plaintiff with the underlying *res*. Therefore, since a court cannot determine ownership of the equipment without looking at the Agreement and its terms, the Magistrate Judge's finding as such is not clearly erroneous. Plaintiff does not contest any other factual findings or legal determinations in Magistrate Judge Hammer's Opinion and Order, so this Court will neither

review his balancing of private and public interests nor any other findings or determinations on appeal.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has failed to meet its burden of establishing that Magistrate Judge Hammer's decision is clearly erroneous or contrary to law. Therefore, this Court AFFIRMS the Magistrate Judge's Order granting Defendant's Motion to Transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). An appropriate order accompanies this Opinion.

DATED: November 9th, 2011

Jose L. Linares
United States District Judge